**Donna Lee H. WILLIAMS, Insurance Commissioner of the State of Delaware, As Receiver of National Heritage Life Insurance Company In Rehabilitation, Continental Stock Transfer & Trust Company, and Midwest Mortgage Servicing, L.L.C., Plaintiffs,**

v.

**NATIONAL HOUSING EXCHANGE, INC. APX Mortgage Services, Inc., and Resource Asset Management, Defendants.**

**No. 95 C 4243.**

United States District Court, N.D. Illinois, Eastern Division.

Dec. 13, 1996.

---

Steven Samuel Scholes, David Brian Montgomery, David J. Stetler, McDermott, Will & Emery, Chicago, IL, Michael S. Oberman, Ronald S. Greenberg, Kramer, Levin, Naftalis, Nessen, Kamin & Frankel, New York City, for Donna Lee H. Williams.

Steven Samuel Scholes, McDermott, Will & Emery, Chicago, IL, Andrew Dash, Berlack, Israels & Liberman, New York City, Arnold A. Pagniucci, James A. Rolfes, Sachnoff & Weaver, Ltd., Chicago, IL, for Continental Stock Transfer & Trust Co.

Richard M. Waris, Pretzel & Stouffer, Chtd., Chicago, IL, for Midwest Independent Bank and Midwest Mortgage Servicing, L.L.C.

Robert E. Davy, Robert E. Davy, Jr. & Associates, Chicago, IL, Frederick A. Bragiel, Arlington Heights, IL, for Resource Asset Management, Inc.

Marc Oliver Beem, David J. Krupp, Diane Frances Klotnia, Miller, Shakman, Hamilton, Kurtzon & Shlifke, Chicago, IL, for David J. Krupp.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Two of the plaintiffs, Donna Lee H. Williams (the "Commissioner") and Continental Stock Transfer and Trust Company ("Continental"), have moved to dismiss Count I of defendant Resource Asset Management's (RAM) counterclaim. The Commissioner and Continental allege that RAM's unjust enrichment claim must be dismissed pursuant to Rule 12(b)(6) because it fails to state a claim upon which relief may be granted. For

the reasons set forth below, the motion is denied.

### Legal Standards for Motions to Dismiss

On a motion to dismiss, a claim should not be dismissed " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Hi–Lite Prod. Co. v. American Home Products Corp.*, 11 F.3d 1402, 1405 (7th Cir.1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). Furthermore, the Court will assume that all of the plaintiff's factual allegations are true and will draw all reasonable inferences in favor of the plaintiff. *Ross v. Creighton University*, 957 F.2d 410, 411 (7th Cir.1992). Because the Federal Rules of Civil Procedure establish a liberal pleading system that requires only notice pleading, a "complaint's mere vagueness or lack of detail is not sufficient to justify a dismissal." *National Service Ass'n v. Capitol Bankers Life Ins. Co.*, 832 F.Supp. 227, 230 (N.D.Ill.1993). Nevertheless, in order to survive a motion to dismiss, a complaint must allege all the necessary elements of a cause of action. *Id.* at 231.

### Elements of an Unjust Enrichment Claim

■ The Commissioner and Continental have presented several arguments for dismissing RAM's counterclaim. First, they both contend that Count I of RAM's counterclaim does not allege the elements of an unjust enrichment claim sufficiently. To state a claim for unjust enrichment in Illinois, "a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that the defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *HPI Health Care v. Mt. Vernon Hosp.*, 131 Ill.2d 145, 160, 545 N.E.2d 672, 679, 137 Ill.Dec. 19, 26 (1989).

■ I find that RAM has alleged the necessary elements of an unjust enrichment claim. Taking RAM's allegations as true, Count I of its counterclaim explains that RAM rendered valuable services for the Commissioner and Continental by servicing the mortgage portfolio that guaranteed the bond at issue in this case. Counterclaim at 9–10. Moreover, the Commissioner and Continental accepted these services but did not pay RAM for them, which clearly would be a benefit to the Commissioner and Continental and a detriment to RAM. *Id.* at 10. Finally, failure to pay RAM for these services when RAM had performed them competently may violate fundamental principles of justice, equity and good conscience. *Id.* at 11. Hence, all of the elements of an unjust enrichment claim are present.[1] Contrary to the Commissioner's assertions, RAM does not have to allege exactly what it did in servicing the mortgage portfolio or how those services benefitted the portfolio. Under the liberal pleading standards of Fed.R.Civ.P. 8(a)(2), RAM's allegations that it performed services for the Commissioner and Continental, who accepted those services and did not pay RAM for those services, are enough to survive this

---

1. The Commissioner and Continental contend that an action for unjust enrichment also must contain an allegation of wrongful conduct by a defendant. Although courts in Illinois have seemed to reach conflicting conclusions on this issue, *compare Firemen's Annuity and Benefit Fund v. Municipal Employees', Officers', and Officials' Annuity and Benefit Fund*, 219 Ill.App.3d 707, 712, 579 N.E.2d 1003, 1007, 162 Ill.Dec. 189, 193 (1991) (holding that a "cause of action based on unjust enrichment. does not require fault or illegality on the part of the defendant") *with Charles Hester Enters. v. Illinois Founders Ins. Co.*, 137 Ill.App.3d 84, 90–91, 484 N.E.2d 349, 354, 91 Ill.Dec. 790, 795 (1985) (holding that unjust enrichment is "brought about by unlawful or improper conduct as defined by law"), I do not interpret Illinois law as requiring this additional element. The *Hester* decision arose in the context of a constructive trust and appears to be based largely on the outdated notion that unjust enrichment "is not descriptive of conduct that, standing alone, will justify an action for recovery." 137 Ill.App.3d at 91, 484 N.E.2d at 354, 91 Ill.Dec. at 795. Illinois courts, however, have given life to an independent cause of action for unjust enrichment by defining the elements necessary to plead such a claim. *See HPI*, 131 Ill.2d at 160, 545 N.E.2d at 679, 137 Ill.Dec. at 26. Moreover, the Seventh Circuit has indicated that it does not believe that wrongful conduct is a necessary element of an unjust enrichment claim. *Midcoast Aviation, Inc. v. General Elec. Credit Corp.*, 907 F.2d 732, 739 n. 3 (7th Cir. 1990). Accordingly, I will not require that RAM plead wrongful conduct in order to maintain its unjust enrichment claim.

motion to dismiss for failure to plead the necessary elements of an unjust enrichment claim.

■ This conclusion, however, is not dispositive of this motion. Unjust enrichment is a quasi-contractual theory of recovery. If, however, the parties have an express contract which governs their relationship, a claim for unjust enrichment may not be maintained. *Borowski v. DePuy, Inc.,* 850 F.2d 297, 301 (7th Cir.1988); *F.H. Prince & Co. v. Towers Fin. Corp.,* 275 Ill.App.3d 792, 803, 656 N.E.2d 142, 151, 211 Ill.Dec. 950, 959 (1995). The fact that an express contract does not cover the specific subject upon which the unjust enrichment claim is based does not matter. *Murray v. ABT Assoc.,* No. 92 C 3898, 1993 WL 317258, at *4 (N.D.Ill. Aug.18, 1993). As long as the contract "governs the relationship between the parties, then a plaintiff may not state a claim for unjust enrichment." *Id.*

In the present case, drawing all inferences in its favor, RAM does not appear to have an express contract which governs its relationship with the Commissioner and Continental.[2] That fact places RAM's unjust enrichment claim outside of the bar of *Borowski, Prince* and *Murray.* The contract at issue here is between RAM and Midwest Mortgage Servicing. The Commissioner and Continental are not parties to this contract and therefore have no obligations under it. In fact, Continental itself admitted that it "neither was a party to nor approved such an agreement." Continental's Reply in Support of Motion to Dismiss at 4. Thus, the contract does not govern the relationship between the parties, and RAM's unjust enrichment claim may stand.[3]

### Continental's Status as a Trustee

Continental has advanced a separate basis for dismissing Count I. Continental argues that RAM can not maintain the claim against it because, as a trustee, Continental is not liable for the expenses incurred by the trust. Rather, any relief would have to come from the trust itself. Continental's position is incorrect.

■ RAM is free to sue Continental as long as RAM has some cause of action upon which to base its suit. The fact that some other party ultimately might have to indemnify Continental does not mean that RAM must pursue only that party. Indeed, the very treatise on which Continental relies to support its position states exactly the opposite: "[a trustee] is entitled to indemnity for expenses incurred by him for the benefit of the trust estate in defending actions or prosecuting actions, where the litigation is not the result of his own fault." Scott on Trusts § 244, at 323–24 (4th ed.1988). The Seventh Circuit has echoed this same conclusion as well. *See Hamilton v. Nielsen,* 678 F.2d 709, 713–14 (7th Cir.1982). Continental's argument is not well-taken, and Count I of RAM's counterclaim will not be dismissed.

---

**2.** Because the contract was attached to RAM's counterclaim, it is deemed to be a part of the pleadings, and the Court may consider it for purposes of this motion. *Goldman v. Belden,* 754 F.2d 1059, 1065–66 (2nd Cir.1985).

**3.** RAM could have avoided any difficulties with this claim by pleading it differently. RAM, as the counter-plaintiff, was master of its counterclaim and could have opted to pursue its claim "both ways." RAM only pled this unjust enrichment claim; it did not plead that the express contract was null, void, or unenforceable. Instead, RAM could have pled a contract claim and, in the alternative, an unjust enrichment claim if, for some reason, it failed to establish the existence of an express contract. *See National Serv. Ass'n.,* 832 F.Supp. at 233. RAM, however, did not choose to pursue this path.